IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**ALLSTATE INSURANCE COMPANY,**
as subrogee of James Coleman,

    Plaintiff,

v.                                                                    CIVIL ACTION NO. 2:22-cv-5

                                                                                                                                     **Trial by Jury Demanded**

**EVE ENERGY NORTH AMERICAN**
**CORPORATION**

and

**MOHAMMED DAHMASH d/b/a**
**VIRGINIA BEACH TOBACCO, INC. and**
**VIRGINIA BEACH TOBACCO AND**
**VAPE,**

    Defendants.

**COMPLAINT**

    Plaintiff, Allstate Insurance Company, as subrogee of James Coleman, by counsel, upon information and belief, hereby alleges as follows for its Complaint:

**PARTIES**

    1.    Plaintiff, Allstate Insurance Company ("Allstate"), is an Illinois corporation with its principal place of business located at 3075 Sanders Road, Northbrook, Illinois and at all times material hereto was authorized to issues policies of insurance in the Commonwealth of Virginia.

    2.    Defendant, EVE Energy North American Corporation ("EVE"), is an Ohio corporation, with a principal place of business at 46 Village Point Drive, Powell, OH 43065, and at all times material hereto, was engaged in designing, manufacturing, and distributing batteries for vape pens and electronic cigarettes to consumers in the Commonwealth of Virginia, including the SMOKTECH Stick Prince.

1

3. Defendant Mohammed Dahmash is an adult individual domiciled in Virginia who at all times material hereto owned and operated a sole proprietorship under the names Virginia Beach Tobacco, Inc. and Virginia Beach Tobacco and Vape at 5278 Providence Road, Virginia Beach, VA 23464, and at all times material hereto, was engaged in the business of retailing and selling vape pens and electronic cigarettes to consumers in the Commonwealth of Virginia, including the SMOKTECH Stick Prince.

## JURISDICTION & VENUE

4. This Court has personal jurisdiction over the parties pursuant to Va. Code §§ 8.01-3281.1(A)(1)-(3) as Defendants transacted business in the Commonwealth, contracted to supply things in the Commonwealth, and caused tortious injury in the Commonwealth.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Jurisdiction is based on diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. At all times material hereto, Allstate insured James Coleman, who owned and resided at the real property located at 500 Avalon Ave., Virginia Beach, VA 23464 ("the Property").

8. At all times material hereto, Allstate provided property insurance to Mr. Coleman for the Property pursuant to policy number 0098358921 ("the Policy").

9. On January 4, 2019, Mr. Coleman's nephew William Johns purchased a Stick Prince vape pen ("the Vape Pen").

10. The Vape Pen's battery was manufactured by EVE ("the Vape Pen Battery").

11. VBTV sold Mr. Johns the Vape Pen in its retail store located at 5278 Providence Road in Virginia Beach, VA 23464.

12. On or about May 17, 2019, a fire erupted in the Vape Pen at the Property ("the Fire").

13. The Fire spread from the Vape Pen and caused significant damage to the Property.

14. The Fire was a result of malfunction within the Vape Pen Battery.

15. The Fire resulted in damages of $242,335.86.

16. Pursuant to the terms of the Policy, Plaintiff reimbursed Mr. Coleman for damages resulting from the Fire.

17. In accordance with the common law principles of legal and equitable subrogation and the terms of the Policy, Plaintiff is subrogated to the rights of its insured with respect to any claims against Defendants.

## COUNT I – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## PLAINTIFF v. ALL DEFENDANTS

18. Plaintiff incorporates the previous allegations by reference as though fully set forth herein at length.

19. Defendant EVE designed, manufactured and distributed the Vape Pen Battery.

20. Defendant VBTV retailed and sold the Vape Pen and Vape Pen Battery.

21. Together, Defendants placed the Vape Pen Battery into the Commonwealth of Virginia's stream of commerce.

22. Defendants held themselves out to the general public and warranted that each and every vape pen and vape pen battery they designed, manufactured, distributed, retailed, and sold was constructed of sound material and in a good and workmanlike manner and free from defects, and that the products are safe and fit for the purposes for their intended use.

23. Defendants breached their implied warranty of merchantability because the Vape Pen was not reasonably fit, suitable or safe for its intended use by reason of design and/or manufacturing defects in the Vape Pen Battery, which existed when Defendants placed the Vape Pen into the stream of commerce.

24. The design and/or manufacturing defects within the Vape Pen Battery resulted in a failure which caused a Fire within the Vape Pen while it was being used for its ordinary and intended purpose.

25. The Vape Pen and Vape Pen Battery had not been modified or altered in any way prior to the Fire and was in the same condition as when the goods were placed into the stream of commerce by Defendants.

26. As a direct and proximate result of the defective condition of the Vape Pen and Vape Pen Battery and Defendants' breach of their implied warranty, the Fire occurred and resulted in significant damages to the Property.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendants, jointly and severally, in the amount in of $242,335.86 together with pre- and post-judgment interest and costs of this action.

## COUNT II – NEGLIGENCE
## PLAINTIFF v. ALL DEFENDANTS

27. Plaintiff incorporates the previous allegations by reference as though fully set forth herein at length.

28. Defendants have a duty of care to ensure that the Vape Pen and Vape Pen Battery are safe for intended and foreseeable consumer use.

29. Defendants deviated from that standard of care when they failed to:

   A. Design, manufacture, distribute, retail, and sell a safe product;

    B. Adequately inspect, test, and implement quality control measures for the product to prevent foreseeable risks of harm;

    C. Design, manufacture, distribute, retail, and sell a product that does not pose consumers or third parties harm from intended and foreseeable use of the product.

30. Defendants' failure to use reasonable care in designing, inspecting, testing, distributing, and selling the product proximately caused Plaintiff's damages.

31. As a direct and proximate cause of Defendants' negligence, Plaintiff suffered damages.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendants, jointly and severally, in the amount in of $242,335.86 together with pre- and post-judgment interest and costs of this action.

## JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues under Fed. R. Civ. P. 38.

Dated:  January 7, 2022          **ALLSTATE INSURANCE COMPANY,**
                                      **as subrogee of James Coleman**

                                      By: _____ */s/ David C. Hartnett* _____

David C. Hartnett, VSB No. 80452
CRENSHAW, WARE & MARTIN, P.L.C.
150 West Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
dhartnett@cwm-law.com

William Neil Clark, Jr., Esquire (to seek admission *pro hac vice*)
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Phone: (215) 665-2000
Fax: (215) 701-2401
wclark@cozen.com

*Counsel for Plaintiff*