IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, AS SUBROGEE OF JAMES COLEMAN )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>A&M TOBACCO, INC., et al )<br>)<br>Defendants. )<br>) | Civil Action No. 2:22-cv-00005 |

MEMORANDUM OF PREMIUMESTORE, LLC IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND
DEFENDANT A&M TOBACCO, INC.'S CROSSCLAIM

Defendant Premiumestore, LLC ("Premiumestore") states as follows in support of its motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the First Amended Complaint (the "Amended Complaint") filed by Defendant Allstate Insurance Company, as subrogee of James Coleman ("Allstate") and to dismiss Defendant A&M Tobacco, Inc.'s ("A&M" or the "Retailer") Crossclaim for a failure to state a claim upon which relief can be granted.

SUMMARY OF GROUNDS OF MOTION

The Amended Complaint alleges that a defective "Vape Pen" caused fire damages which Allstate agreed to insure. But while the Amended Complaint alleges generally that Premiumestore distributed such vape pen devices, Plaintiff does not allege that Premiumestore sold the specific Vape Pen in question or any relevant component that thereby caused the fire damages asserted in the Amended Complaint. In the absence of a plausible basis to allege that Premiumestore is responsible for selling the specific device or component in question, Plaintiff's attempt to bring Premiumestore into this case must fail. Further, the Amended Complaint sets forth a Breach of

Implied Warranty of Merchantability claim against "All Defendants" but only states conduct taken by Defendant A&M in support of that claim, and therefore fails to state a claim as to Premiumestore. Finally, A&M's Crossclaim against Premiumestore states no facts to support its claim other than relying upon those facts set forth in the Amended Complaint, and the deficiencies in the Amended Complaint therefore also apply to bar the Crossclaim.

## PROCEDURAL HISTORY

Allstate filed this case on January 1, 2022, against original defendants Eve Energy North American Corporation and Mohammed Dahmash d/b/a Virginia Beach Tobacco Inc. and Virginia Beach Tobacco and Vape. (ECF No. 1.) On February 21, 2022, former Defendant Mohammed Dahmash filed a Third-Party Complaint against a number of entities including a "Premium Estore LLC." (ECF No. 10.) To the extent this Third-Party Complaint intended to name Premiumestore, LLC, Dahmash never served the Third-Party Complaint.

Allstate filed a stipulation of dismissal as to former Defendant Eve Energy North American Corporation on February 28, 2022. (ECF No. 13.) Allstate then filed a First Amended Complaint on June 24, 2022, which effectively substituted all original defendants in this case, this time naming present defendants A&M Tobacco, Inc. and Premiumestore, LLC. (ECF No. 19.) Dahmash is no longer a party to this case. On August 5, 2022, A&M Tobacco, Inc. filed a Crossclaim against Premiumestore. (ECF No. 25.) By consent of the parties via a court order on August 9, 2022, the deadline for Premiumestore to respond to the Amended Complaint and Crossclaim is August 29, 2022. (ECF No. 34.)

## FACTUAL ALLEGATIONS

Allstate alleges that William Johns purchased a "Stick Prince vape pen" (the "Vape Pen") from the Retailer at its store in Virginia Beach. (Am Compl. ECF No. 19, ¶¶ 9-10.) Allstate

alleges that this same Vape Pen that was sold by A&M caused a fire at a property insured by Allstate (the "Fire") and that Allstate suffered damages as a result of payment on an insurance policy for that property (the "Fire Loss"). (Am Compl. ¶¶ 7-8; 11-15.)

Although Allstate specifically alleges that A&M sold the Vape Pen at issue to Mr. Johns, Allstate does not similarly allege that defendant Premiumestore sold this same device to A&M. Instead, Allstate more broadly alleges in its Amended Complaint that Premiumestore "was engaged in the business of retailing and selling vape pens and electronic cigarettes to retailers, including defendant A&M Tobacco for resale to consumers in the Commonwealth of Virginia, including the SMOKTECH Stick Prince." (Am. Compl. ¶ 3.) This is the only time that Allstate names Premiumestore in its entire Amended Complaint. The Amended Complaint does not allege that Premiumestore was the exclusive supplier of vape pens to A&M, or that A&M purchased the Vape Pen at issue from Premiumestore. The Complaint does not allege that all Stick Prince vape pens are defective or that any particular device or component sold by Premiumestore was defective.

A&M's Crossclaim adds no relevant factual allegations regarding Premiumestore. Instead, it alleges in conclusory fashion that the "First Amended Complaint filed herein alleges damages alleged to have arisen from a product manufactured or distributed by Premiumestore" (Crossclaim, ECF No. 25, ¶ 2), that any damages were therefore caused by Premiumestore, and that Premiumestore owes A&M contribution and/or indemnification (Crossclaim ¶¶ 2-4).

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must provide "grounds showing entitlement to relief," including "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Giarratano v. Johnson*, 521

F.3d 298, 302 (4th Cir. 2008). A plaintiff's pleading must, at a minimum, "allege facts sufficient to state all the elements of [its] claim." *Bass v. E. I. DuPont de Nemours & Co.*, 324 F.3d 761, 765-766 (4th Cir. 2003). Further, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level . . . . " *Twombly*, 550 U.S. at 555 ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."). A complaint can only withstand a motion to dismiss if it contains plausible factual allegations that demonstrate something more than the "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, the court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (quoting *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n. 26 (4th Cir. 2009)).

"A crossclaim must contain the same requirements as a complaint to state a claim for relief under Rule 8(a), including meeting the *Twombly/Iqbal* 'plausibility' standard." *Keyes L. Firm, LLC v. Napoli Bern Ripka Shkolnik, LLP*, No. CV RDB-17-2972, 2019 WL 6341343, at *2 (D. Md. Nov. 27, 2019) (citation omitted); *see also* Fed. R. Civ. P. 13(g) (a crossclaim is a pleading); Fed. R. Civ. P. 8 ("a pleading that states a claim for relief must contain . . . . a short and plain statement of the claim").

## ARGUMENT

I. <u>The Amended Complaint Fails to State Any Claim Against Premiumestore Because Plaintiff Does Not Allege Premiumestore Sold the Device That Caused the Fire Loss.</u>

Allstate's failure to allege that Premiumestore sold the Vape Pen at issue to A&M is fatal to both of its claims in the Amended Complaint. In order to state a claim for either (a) negligence based on a defective product or (b) a breach of the implied warranty of merchantability against a

4

retailer/distributor, a plaintiff must plausibly allege that the defendant was the proximate cause of the damage—including that the defendant sold the allegedly defective product purchased by the end user. *Bell v. True Mfg. Co.*, No. 2:20-CV-263, 2020 WL 10095356, at *7 (E.D. Va. Sept. 16, 2020), report and recommendation adopted, No. 2:20CV263, 2020 WL 10099819 (E.D. Va. Nov. 2, 2020) (noting that both theories require a showing of proximate causation and that "the unreasonably dangerous condition existed *when the goods left the defendant's hands*") (emphasis added).[1]

Here, although Allstate alleges that A&M sold the allegedly defective Vape Pen to Mr. Johns and that the Vape Pen caused the Fire Loss, Allstate does not allege that Premiumestore sold the same Vape Pen to A&M. The Amended Complaint therefore fails to plausibly allege that Premiumestore engaged in any negligence related to the Vape Pen or that the Vape Pen ever left Premiumestore's hands. This omission is not immaterial, as it fails to satisfy a necessary element for both claims in the Amended Complaint. Further, Allstate has thus far entirely changed the group of defendants first named in this case with a separate set of defendants, and the fact that Allstate does not affirmatively claim that Premiumestore sold the Vape Pen to A&M likely indicates that Allstate's investigation has failed to establish what distributor of such products was the source of the specific device to the Retailer.

The Amended Complaint at best alleges that Premiumestore sold the *same kinds of devices* as the Vape Pen that allegedly resulted in the Fire Loss. Allstate does not, however, explicitly

---

[1] A federal district court sitting in diversity applies the substantive law of the forum state, including its choice-of-law rules. *Klaxon Co. v. Stentor Mfg. Co.*, 313 U.S. 487, 496 (1941). Under Virginia's choice of law rules, the substantive law of the place of the wrong (*lex loci delicti*) would apply to Allstate's claims, as the allegedly defective product was sold in Virginia and the alleged Fire Loss occurred in Virginia. *See Quillen v. Int'l Playtex, Inc.*, 789 F.2d 1041, 1044 (4th Cir. 1986).

allege that Premiumestore sold *the* Vape Pen that A&M sold to Mr. Johns, nor does it allege that Premiumestore acted as A&M's exclusive supplier of such products. As such, Allstate has merely alleged that Premiumestore *might have* been the source of the Vape Pen, but such a theory does not plausibly allege wrongdoing. *Thomas v. Indiana Dep't of Correction*, No. 3:15-CV-18-TLS, 2015 WL 3631677, at *1 (N.D. Ind. June 10, 2015) (citing *Twombly* for the proposition that "plausible allegations must do more than speculate as to what might have happened"). Accordingly, the Amended Complaint fails to state that Premiumestore proximately caused the covered Fire Loss and the Court should, therefore, dismiss Count I and II based on Allstate's failure to state a claim.

## II. Count I Further Fails to State a Claim Against Premiumestore Because it Fails to Allege any Conduct or Wrongdoing by Premiumestore.

Count I of the Amended Complaint sets forth a claim for a breach of implied warranty of merchantability against "All Defendants" but the paragraphs therein make allegations only as to Defendant A&M and repeatedly claim that "Defendant"—as opposed to Defendants—acted wrongfully. Compounding this issue, the last "wherefore" paragraph of Count I seeks relief solely from "Defendant." Based on the foregoing, Allstate has failed to state an allegation against Premiumestore and, despite its apparent error in the header to Count I, does not appear to bring suit against Premiumestore under this claim. For this reason, the Court should find that the Amended Complaint fails to state a claim against Premiumestore for a breach of the implied warranty of merchantability and dismiss the claim.

## III. A&M's Crossclaim Fails to State Independent Claims Against Premiumestore and Must be Dismissed for a Failure to State a Claim.

Because the Amended Complaint fails to state any wrongdoing against Premiumestore, and because the Crossclaim simply relies upon the allegations of the Amended Complaint without

setting forth its own factual recitation, the Crossclaim also fails to state a claim in light of the deficiencies in the Amended Complaint. *Keyes L. Firm, LLC*, 2019 WL 6341343, at *2 (D. Md. Nov. 27, 2019) ("A crossclaim must contain the same requirements as a complaint to state a claim for relief under Rule 8(a), including meeting the *Twombly/Iqbal* 'plausibility' standard."); *Markel Am. Ins. Co. v. XDS, LLC*, No. 7:20-CV-00075-M, 2020 WL 4938435, at *3 (E.D.N.C. Aug. 24, 2020). The Court should, therefore, dismiss the Crossclaim.

## CONCLUSION

For the reasons stated herein, Defendant Premiumestore respectfully requests that the Court dismiss the Amended Complaint and Crossclaim against Premiumestore.

Dated: August 29, 2022

Respectfully submitted,

PREMIUMESTORE, LLC

By: /s/ Patrick R. Hanes
Patrick R. Hanes. (VSB No. 38148)
Gregory A. Crapanzano (VSB No. 93044)
WILLIAMS MULLEN
P. O. Box 1320
Richmond, VA 23218-1320
Telephone: 804.420.6455
Email: phanes@williamsmullen.com

Scott C. Miller, Esq. (VSB # 77088)
Williams Mullen
Dominion Tower
999 Waterside Drive, Suite 1700
Norfolk, Virginia 23510-3033
757-629-0647 (Telephone)
757-629-0660 (Facsimile)
smiller@williamsmullen.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and caused a true copy of the filing to be sent to:

> James L. Chapman, IV, Esq.
> Alexander R. McDaniel, Esq.
> CRENSHAW WARE & MARTIN, PLC
> 150 W. Main Street, Suite 1500
> Norfolk, VA  23510
> Telephone: 757-623-3000
> Email: jchapman@cwm-law.com
> Email: amcdaniel@cwm-law.com
>
> William Neil Clark, Jr., Esq. (*admitted pro hac vice*)
> Cozen O'Connor
> One Liberty Place
> 1650 Market Street, Suite 2800
> Philadelphia, PA  19103
> Telephone: 215-665-2000
> Email: wclark@cozen.com
>    *Counsel for Plaintiff*
>
> Shawn A. Voyles, Esq.
> McKenry Dancigers Dawson PC
> 192 Ballard Ct., Suite 400
> Virginia Beach, VA  23462-6538
> Telephone: 757-461-2500
> Email: savoyles@va-law.com
>    *Counsel for A&M Tobacco, Inc.*

By: /s/ Patrick R. Hanes
Patrick R. Hanes (VSB No. 38148)
WILLIAMS MULLEN
P. O. Box 1320
Richmond, VA 23218-1320
Telephone: 804.420.6455
Facsimile: 804.420.6507
Email: phanes@williamsmullen.com
*Counsel for Premiumestore, LLC*
